UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HECTOR DE JESUS CRUZ REYES, on behalf of himself
and all other persons similarly situated,

                              Plaintiff,

                              **COMPLAINT**

        -against-

LA CASA DEL MOFONGO 207 LLC and AVI DISHI,

                              Defendants.
------------------------------------------------------------------------X

      Plaintiff, HECTOR DE JESUS CRUZ REYES, on behalf of himself, individually, and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, LA CASA DEL MOFONGO 207 LLC and AVI DISHI (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

      1.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

4. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

5. At all relevant times, Defendant, LA CASA DEL MOFONGO 207 LLC, is and was a domestic limited liability company formed under the laws of the State of New York that operates a restaurant located at 546 West 207 Street, New York, New York 10034.

6. At all relevant times Defendants had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, many of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originated from outside the state.

7. At all relevant times, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

8. At all relevant times, Defendant, AVI DISHI, is a member of LA CASA DEL MOFONGO 207 LLC, was active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

9. Defendants operate a restaurant at 546 West 207 Street, New York, NY 10034.

10. Plaintiff was employed by Defendants as a back-of-the-house kitchen worker from July 2018 to March 2020. Plaintiff's duties included cleaning the kitchen, washing dishes and cookware, removing trash, etc.

11. Plaintiff regularly worked six days per week and more than 40 hours in a single workweek. Plaintiff regularly worked between 8 and 10 hours per day, six days per week. Plaintiff's day off from work varied from week to week, as did the time that he began work and finished work each day. Plaintiff regularly worked between 60 and 65 hours per week.

12. Defendants paid Plaintiff by check for up to 23 hours per week at his regular rate of $15 per hour. Defendants paid Plaintiff in cash for hours worked between 24 and 40 hours each week at his regular rate of $15 per hour. Defendants failed to compensate Plaintiff at all for the hours that he worked after 40 hours each week.

13. Defendants willfully failed to pay Plaintiff at least the minimum wage for all hours worked by Plaintiff each workweek.

14. Defendants willfully failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rates of pay for hours worked in excess of forty hours in a workweek in violation of the FLSA and NYLL.

15. Defendants failed to provide Plaintiff with a proper notice and acknowledgement of his wage rate upon hire in his primary language as required by NYLL § 195(1).

16. Defendants failed to provide Plaintiff with accurate wage statements for each pay period as required by NYLL § 195(3).

17. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to pay Plaintiff in accordance with his hours worked and failing to pay Plaintiff the minimum wage and overtime compensation.

18. Defendants failed to post notices in the restaurant advising employees of their right to be paid overtime under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

19. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

20. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in in bringing this action.

21. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a kitchen worker or back-of-the-house employee and/or in a similarly situated position including, but not limited to, cooks, line cooks, sous chefs, food prep workers, and dishwashers, at any time during the three (3) years prior to the filing of their respective consent forms.

22. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime compensation in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FLSA OVERTIME WAGES

23. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

24. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates of pay, in violation of the FLSA.

25. Defendants' violations of the FLSA have been willful and intentional.

26. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## SECOND CLAIM FOR RELIEF
## FLSA MINIMUM WAGES

27. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

28. Defendants willfully failed to compensate Plaintiffs for all hours worked each week at a rate of at least the minimum wage in violation of the FLSA.

29. Defendants' violations of the FLSA have been willful and intentional.

30. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

## THIRD CLAIM FOR RELIEF
## NYLL OVERTIME WAGES

31. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

32. Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates of pay, in violation of the NYLL.

33. Defendants' violations of the NYLL have been willful and intentional.

34. Due to Defendants' violations of the New York Labor Law, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants

unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## NYLL MINIMUM WAGES

35. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

36. Defendants failed to compensate the Plaintiffs for all hours worked each week at a rate of at least the minimum wage in violation of the NYLL.

37. Defendants' violations of the NYLL have been willful and intentional.

38. Due to Defendants' violations of the New York Labor Law, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## NYLL § 195(1) WAGE NOTICE

39. Plaintiff, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire, in their primary language or at all, regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information as required by NYLL § 195(1).

41. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## SIXTH CLAIM FOR RELIEF
## NYLL § 195(3) WAGE STATEMENT

42. Plaintiff, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct gross pay, net pay, and deductions, for each pay period as required by NYLL § 195(3).

44. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  ii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  iii. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

  iv. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations;

  v. Awarding damages, pre- and post-judgment interest, reasonable attorney's fees and costs pursuant to NYLL § 198; and

  vi. Granting such other and further relief as this Court deems just and proper.

Dated: September 15, 2022
   Hauppauge, New York

           LAW OFFICE OF PETER A. ROMERO PLLC
           *Attorneys for Plaintiff*
           490 Wheeler Road, Suite 250
           Hauppauge, New York 11788
           Tel.: (631) 257-5588

           */s Peter A. Romero*
     By: _____
           PETER A. ROMERO, ESQ.

By my signature below, I authorize the filing and prosecution of this action in my name and on my behalf against La Casa de Mofongo to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. [This has been read to me in Spanish]

_Hector Cruz_       _9/14/2022_
Héctor de Jesus Cruz Reyes      Date