**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HECTOR DE JESUS CRUZ REYES, on behalf of himself and all other persons similarly situated,

                              Plaintiff,

              -against-

LA CASA DEL MOFONGO 207 LLC and AVI DISHI,

                            Defendants.

**Case No.** 1:22-CV-07956-

**ANSWER**

Defendants, LA CASA DEL MOFONGO 207 LLC, and AVI DISHI (hereinafter and collectively "Defendants"), by their attorneys, the Law Offices of Martin E. Restituyo P.C., as and for their Answer to the Complaint (hereinafter "Complaint"), of HECTOR DE JESUS CRUZ REYES, (hereinafter "Plaintiff"), set forth the following:

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"NATURE OF THE CLAIM"**

1.      Admit the allegations set forth in Paragraph 1 of the Complaint to the extent that it asserts that Plaintiff has commenced this action, but lack knowledge and information to form a belief as to the basis for this lawsuit.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"JURISDICTION AND VENUE"**

2.      Deny the allegations contained in Paragraph 2 of the Complaint and respectfully refer all questions of law to the Court.

3.      Admit the allegations contained in Paragraph 3 of the Complaint to the extent that if Plaintiff had any legitimate Federal Claims, the Southern District Court of New York would be the proper venue to hear them.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
### "THE PARTIES"

4.    Deny the allegations contained in Paragraph 4 of the Complaint.

5.    Admit the allegations contained in Paragraph 5 of the Complaint.

6.    Admit the allegations contained in Paragraph 6 of the Complaint.

7.    Deny the allegations contained in Paragraph 7 of the Complaint.

8.    Deny the allegations contained in Paragraph 8 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
### "FACTS"

9.    Admit the allegations contained in Paragraph 9 of the Complaint.

10.    Admit the allegations contained in Paragraph 10 of the Complaint to the extent that

they assert that Plaintiff was employed but deny Plaintiff's representation of dates and duties.

11.    Deny the allegations contained in Paragraph 11 of the Complaint.

12.    Deny the allegations contained in Paragraph 12 of the Complaint.

13.    Deny the allegations contained in Paragraph 13 of the Complaint.

14.    Deny the allegations contained in Paragraph 14 of the Complaint.

15.    Deny the allegations contained in Paragraph 15 of the Complaint.

16.    Deny the allegations contained in Paragraph 16 of the Complaint.

17.    Deny the allegations contained in Paragraph 17 of the Complaint.

18.    Deny the allegations contained in Paragraph 18 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
### "COLLECTIVE ACTION ALLEGATIONS"

19.    Deny the allegations contained in Paragraph 19 of the Complaint.

20.    Deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint, and respectfully refer all matters of law to the Court.

22.     Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and respectfully refer all matters of law to the Court.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "FIRST CLAIM FOR RELIEF"

23.     In response to the allegations in Paragraph 23 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

24.     Deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "SECOND CLAIM FOR RELIEF"

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

28.     Deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Deny the allegations set forth in Paragraph 30 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "THIRD CLAIM FOR RELIEF"

31.     In response to the allegations in Paragraph 31 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

32.     Deny the allegations set forth in Paragraph 32 of the Complaint.

33.    Deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Deny the allegations set forth in Paragraph 34 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "FOURTH CLAIM FOR RELIEF"

35.    In response to the allegations in Paragraph 35 of the Complaint, Defendants repeat and

reallege all above responses as though fully set forth herein.

36.    Deny the allegations set forth in Paragraph 36 of the Complaint.

37.    Deny the allegations set forth in Paragraph 37 of the Complaint.

38.    Deny the allegations set forth in Paragraph 38 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "FIFTH CLAIM OF RELIEF"

39.    In response to the allegations in Paragraph 39 of the Complaint, Defendants repeat and

reallege all above responses as though fully set forth herein.

40.    Deny the allegations set forth in Paragraph 40 of the Complaint.

41.    Deny the allegations set forth in Paragraph 41 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "SIXTH CLAIM OF ACTION"

42.    In response to the allegations in Paragraph 42 of the Complaint, Defendants repeat and

reallege all above responses as though fully set forth herein.

43.    Deny the allegations set forth in Paragraph 43 of the Complaint.

44.    Deny the allegations set forth in Paragraph 44 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

45.    Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

46.    Defendants are not an "employer" of Plaintiff as defined by the FLSA and/or NYLL.

## THIRD AFFIRMATIVE DEFENSE

47.     Plaintiff is not an "employee" of Defendants as defined by the FLSA and/or NYLL

## FOURTH AFFIRMATIVE DEFENSE

48.     Plaintiffs do not satisfy any of the requirements of Rule 23 of the Federal Rules of

Civil Procedure, and, thus, this action cannot be maintained as a class action.

## FIFTH AFFIRMATIVE DEFENSE

49.     There being no appropriate class representative, Plaintiffs' collective and class action

allegations must be stricken, and their collective and class action claims dismissed.

## SIXTH AFFIRMATIVE DEFENSE

50.     This case may not be maintained as a collective action because Plaintiff is not

similarly situated to or otherwise an adequate representative for the persons whom he

purports to represent and, thus, they cannot satisfy the requirements under 29 U.S.C. §216.

## SEVENTH AFFIRMATIVE DEFENSE

51.     There are no employees of Defendants who are similarly situated to Plaintiff, as that

term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## EIGHTH AFFIRMATIVE DEFENSE

52.     This action cannot be certified, and supplemental or other jurisdiction should not be

exercised over Plaintiff's state law claims.

## NINTH AFFIRMATIVE DEFENSE

53.     Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or

to receive any attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

54.     Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiffs to any relief,

including, but not limited to, the failure to properly state facts sufficient to identify any actual

or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## ELEVENTH AFFIRMATIVE DEFENSE

55.     To the extent Plaintiffs' NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiff is barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages.  This defense also may apply to the claim of some or all of the class of allegedly similarly situated persons.

## TWELFTH AFFIRMATIVE DEFENSE

56.     To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## THIRTEENTH AFFIRMATIVE DEFENSE

57.     The individual Defendants named in this action are not Plaintiffs' employer within the meaning of the FLSA or NYLL.

## FOURTEENTH AFFIRMATIVE DEFENSE

58.     Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all its employees at or above the applicable minimum wage.

## FIFTEENTH AFFIRMATIVE DEFENSE

59.     To the extent Plaintiff has received other benefits and/or awards attributable to an injury

for which he seeks compensation in this case, as applicable such benefits and/or awards should

offset, in whole or in part, any award he receives here for the same injury.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

60.     Defendants reserve the right to plead additional separate and affirmative defenses,

which may be ascertained during the course of discovery in this action or

otherwise.  Defendants assert the foregoing affirmative and other defenses without assuming

any burden of production or proof that it would not otherwise have.

        **WHEREFORE,** Defendants respectfully requests judgement:

        (a) Dismissing the Complaint against them;

        (b) Costs, disbursements, and attorney's fees of this action and any other expenses

incurred by the answering Defendants in the defense thereof;

        (c) And for such other relief as this court may deem just and proper.

Dated: New York, New York
        December 6, 2022

                                        Respectfully submitted,


                                         */s/ Martin E. Restituyo*
                                         By: Martin E. Restituyo, Esq.
                                         Law Offices of Martin Restituyo, P.C.
                                         1325 Avenue of the Americas, 28th Floor
                                         New York, New York 10019
                                         Tel. (212) 729-7900
                                         restituyo@restituyolaw.com

                                         *Attorney for Defendants La Casa del*
                                         *Mofongo 207 LLC and Avi Dishi*