Revised: March 8, 2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
Hector De Jesus Cruz Reyes, on behalf of himself
and all other persons similarly situated,

                     Plaintiff(s),          :  No. 22 -cv- 07956 (PAE) (OTW)

        -against-

La Casa Del Mofongo 207 LLC and Avi Dishi,

                     Defendant(s).

----------------------------------------------------------x

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on 12/6/2022 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Failure to pay overtime and minimum wage compensation under the Fair Labor Standards Act and New York Labor Law, failure to provide wage notices under NYLL 195(1), and failure to provide compliant wage statements under NYLL 195(3).

**Defendant:**
Defendants adequately compensated Plaintiff and complied with minimum wage and overtime regulations under the FLSA and NYLL. Defendants refer to its Answer for a more detailed presentation of its defenses.

2. **Basis of Subject Matter Jurisdiction:** Federal Question

1

*Revised: March 8, 2018*

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:
Documents, testimony and information regarding Plaintiffs' and putative collective members' job duties, compensation, hours worked, manner of payment of wages, provision of wage notices and wage statements, employer status/FLSA coverage of Defendants and supervisors, & other topics as may arise.

Defendant:
Document production and deposition testimony regarding Plaintiff's schedule, compensation, hours worked, and other employment terms and conditions (meal credits, other potential wage credits).

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on __12/22/2022__. In addition, on __1/9/2023__, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on __12/6/2022__. In addition, on __1/9/2023__, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by __6/8/2023__.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

2

Revised: March 8, 2018

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

   i. <u>Depositions</u>: Depositions shall be completed by 6/8/2023 and limited to no more than __10__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before __1/16/2023__. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

   iii. <u>Requests for Admission</u>: Requests for admission must be served on or before __5/8/2023__.

   iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on __1/16/2023__ and responses shall be due on __2/17/2023__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

   v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

None.

7. **Amendments to Pleadings**

   a. Are there any amendments to pleadings anticipated? __None at this time.__

   b. Last date to amend the Complaint: __3/31/2023__

3

8. **Expert Witness Disclosures**

At this time, the parties do   not   anticipate utilizing experts.  Expert discovery shall be completed by _____.

9. **Electronic Discovery and Preservation of Documents and Information**

   a. Have the parties discussed electronic discovery?   Yes.

   b. Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place?   No. The parties do not currently anticipate a need for an electronic discovery protocol.

   c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

   No.

10. **Anticipated Motions**

   Plaintiff intends to file a motion for conditional certification of collective action under FLSA and potentially a motion for summary judgment after discovery.
   Defendants reserve the right to file a motion for summary judgment after the close of discovery.

11. **Early Settlement or Resolution**

The parties have ~~[redacted]~~ discussed the possibility of settlement.  The parties request a settlement conference by no later than _____.  The following information is needed before settlement can be discussed:

<u>Plaintiff's position is that a settlement conference would not be fruitful until after the parties address conditional certification of the putative collective action. Plaintiff intends to continue discussions with Defendants regarding the viability of this collective and the appropriate timing for a settlement conference.</u>

Defendants favor an early settlement conference and believe a collective action would be unfruitful and a waste of resources (for the Parties and the Court). As Plaintiff is aware, Defendant recently concluded a Department of Labor matter which settled all claims by employees. Plaintiff chose to opt-out of this resolution. Wage and hour matters for employees during the relevant collective action period have been settled and closed.

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by 9/18/2023 or a date after the Court enters an order on any motion for summary judgment.

4

*Revised: March 8, 2018*

    b.    The parties anticipate that the trial of this case will require __4-5__ days.

    c.    The parties   do not   consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a   bench   trial.

13. **Other Matters**

_____
_____
_____

Respectfully submitted this _____ day of _____.

ATTORNEYS FOR PLAINTIFF(S):        ATTORNEYS FOR DEFENDANT(S):

/S/ David D. Barnhorn, Esq.        /S/ Martin Restituyo, Esq.

**SO ORDERED.**

_____
Ona T. Wang        4/4/23
U.S.M.J.